**EXHIBIT A**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**RECEIVED**

CASE NO.: 50 2026 CA 002194 AH

MAR 1 8 2026

SHERRY GIBSON,

Plaintiff,

v.

PALM BEACH COUNTY SCHOOL
DISTRICT,

Defendant.

_____/

BY LEGAL SERVICES

MC #1055 3/18/26 2:55 pm

## SUMMONS

SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A:

**NAME:** **PALM BEACH COUNTY SCHOOL DISTRICT**

**To Be Served at:** **330 Forest Hill Boulevard**
**West Palm Beach, Florida 33406**

**Or,**

**Any other place personal service may be had.**

### IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: 205 North Dixie Highway, West Palm Beach, Florida 33401. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons:

**JARED G. ZIGNOLI, ESQUIRE**
**THE TICKTIN LAW GROUP,**
**270 SW Natura Avenue**
**Deerfield Beach, Florida 33441**
**(954) 570-6757**

**If the party serving summons has designated e-mail address(es) for service, or is represented by an attorney, you may designate email address(es) for service by or on you.  Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the County Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Notice of Current Address, Florida Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**WARNING: Rule 12.285, Florida Rules of Civil Procedure, requires certain automatic disclosure of documents and information.  Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Localizado en: <u>205 North Dixie Highway, West Palm Beach, Florida 33401</u>.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por

2

correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparecencia a:

**JARED G. ZIGNOLI, ESQUIRE**
**THE TICKTIN LAW GROUP,**
**270 SW Natura Avenue**
**Deerfield Beach, Florida 33441**
**(954) 570-6757**

Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, están disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.

Usted debe de mantener informada a la oficina del Secretario de Juzgado del Condado de su dirección actual.  (Usted puede presentar el Formulario: Ley de Familia de la Florida 12.915, [Florida Family Law Form 12.915], Notificación de la Dirección Actual [Notice of Current Address].)  Los pápeles que se presenten en el futuro en esta demanda judicial serán enviados por correo a la dirección que este registrada en la oficina del Secretario.

ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelación automática de documentos e información.  El incumplimiento, puede resultar en sanciones, incluyendo la desestimación o anulación de los alegatos.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Qui se trouve a: <u>205 North Dixie Highway, West Palm Beach, Florida 33401</u>.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation:

3

**JARED G. ZIGNOLI, ESQUIRE
THE TICKTIN LAW GROUP,
270 SW Natura Avenue
Deerfield Beach, Florida 33441
(954) 570-6757**

Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier.  Vous pouvez revue ces documents, sur demande.

Il faut aviser le greffier de votre adresse actuelle.  (Vous pouvez deposer Florida Family Law Form 12.915, Notice of Current Address.)  Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

ATTENTION: La regle 12.285 des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents `a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: **Mar 02 2026**

CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

4

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

SHERRY GIBSON,

        Plaintiff,

v.

PALM BEACH COUNTY SCHOOL
DISTRICT,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Sherry Gibson (hereinafter "GIBSON"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, PALM BEACH COUNTY SCHOOL DISTRICT (hereinafter "SCHOOL DISTRICT"), and in support thereof states as follows:

### Jurisdictional Allegations

1. This is an action for damages in excess of $50,000.00, exclusive of costs and interest.

2. GIBSON is an individual who resides in Palm Beach County, Florida at all times material to this Complaint, and is sui juris.

3. SCHOOL DISTRICT is a Florida public entity in Palm Beach County, Florida.

4. Venue is proper as the causes of action occurred in Palm Beach County, Florida.

5.     All Conditions precedent have been met or waived.

### General Allegations

6.     This action is brought as a result of the SCHOOL DISTRICT's unlawful retaliation against GIBSON in violation of 29 USCS § 2615 and Fla. Stat. § 110.221.

7.     GIBSON has been employed by the SCHOOL DISTRICT for over thirty-three (33) years.

8.     Prior to entering FMLA leave GIBSON was in the same HR role, in the same department for 25 years.

9.     GIBSON's mother, who was a retired teacher in the Palm Beach County School District, became extremely ill.

10.     As a result of her mother's illness GIBSON was required to seek out FMLA leave as she was the primary caregiver to her mother.

11.     On January 22, 2025, GIBSON spoke with Sharon Ansley about the process to be completed and subsequently notified Anthony Dougherty in his office regarding her intentions to apply for FMLA leave in order to take care of her mother.

12.     GIBSON met with her mother's primary care physician on March 4, 2025, to complete the necessary paperwork.

13.     On March 12, GIBSON's mother's condition deteriorated, and she informed both Anthony Dougherty and Sharon Martinez by email that she would need to begin full-time FMLA sooner than expected. Anthony Dougherty replied to let him know once the paperwork was ready to sign.

14.     GIBSON submitted the completed FMLA leave application from the physician to Sharon Ansley on March 25, 2025.

2

15.     On April 3, 2025, GIBSON received written confirmation from Jonatan Bellechases that the FMLA leave application had been received.

16.     GIBSON's FMLA leave application was signed by Anthony Dougherty on April 11, 2025. A copy of the FMLA application is attached hereto and marked as Exhibit "A".

17.     On April 23, 2025, GIBSON started her FMLA leave.

18.     On April 25, 2025, GIBSON received a notice that she would be reappointed to an instructional position and that her salary and pay level will be adjusted. A copy of this notice is attached hereto and marked as Exhibit "B".

19.     In May of 2025 GIBSON was told by a District Compensation representative that her annual salary would be reduced to approximately $78,000.00 a year as an instructional employee. Prior to taking FMLA leave GIBSN has an annual salary of $112,930.39.

20.     On May 29, 2025, GIBSON emailed the Superintendent to share her concerns and solicit his assistance with the reappointment. There was never a response.

21.     On June 11, 2025, GIBSON met with the Chief of HR, Tim Kubrick, regarding the notice of reappointment and the FMLA leave.

22.     Tim Kubrick let GIBSON know he would look into the matter but never made further contact with GIBSON.

23.     On January 9, 2026, GIBSON retained The Ticktin Law Group to represent her regarding this matter.

3

24. A demand letter was promptly sent to the SCHOOL DISTRICT on January 13, 2026, informing them of the representation and demanding restoration to a substantially equivalent position.

25. On January 14, 2026, GIBSON's mother passed away and she promptly notified the SCHOOL DISTRICT.

26. The SCHOOL DISTRICT informed her that her return-to-work date would be moved up to February 5, 2026.

27. Upon returning to work her salary was cut again to approximately $60,050.00 a year.

28. GIBSON was further informed that her new position was only an interim position that will end when the teacher for which she is covering returns from maternity leave.

29. GIBSON is seeking restoration to a substantially equivalent position, back pay, liquidated damages, attorney's fees & costs, and all other relief that this Court deems just and proper.

## Count I FMLA Retaliation (29 USCS §2615)

30. GIBSON hereby avers all of the allegations contained in Paragraphs 1 through 29 above and incorporates them in this Count by reference as though they were fully set forth herein.

31. The SCHOOL DISTRICT materially interfered with GIBSON's rights under the FMLA.

32. GIBSON participated in a statutorily protected activity under the FMLA by going on unpaid leave to take care of her dying mother.

4

33. Due to GIBSON's participation in this statutorily protected activity the SCHOOL DISTRICT took adverse employment action against her.

34. By demoting GIBSON and cutting her salary the SCHOOL DISTRICT materially interfered with her statutorily protected rights and she has been damaged due to lost wages and reduced benefits.

WHEREFORE, the Plaintiff, SHERRY GIBSON, respectfully requests that this Court enter a judgment against the Defendant, PALM BEACH COUNTY SCHOOL DISTRICT, and award all damages to which she is entitled, including lost wages/back pay, front pay, compensatory damages, punitive damages, liquidated damages, restoration to her prior position or a substantially similar position, an award of attorneys' fees and costs, and any other such further relief as this Court may deem just and proper.

## Count II Further Retaliation (29 USCS §2615)

35. GIBSON hereby avers all of the allegations contained in Paragraphs 1 through 29 above and incorporates them in this Count by reference as though they were fully set forth herein.

36. On January 9, 2026, GIBSON retained The Ticktin Law Group to represent her regarding these employment issues.

37. The SCHOOL DISTRICT further retaliated against GIBSON for engaging in legal representation by cutting her salary even further down to approximately $60,050.00 a year.

38. By further demoting GIBSON and cutting her salary the SCHOOL DISTRICT materially interfered with her statutorily protected right to oppose any practice

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

she reasonably believed to violate the FMLA, and she has been damaged due to lost wages and reduced benefits.

WHEREFORE, the Plaintiff, SHERRY GIBSON, respectfully requests that this Court enter a judgment against the Defendant, PALM BEACH COUNTY SCHOOL DISTRICT, and award all damages to which she is entitled, including lost wages/back pay, front pay, compensatory damages, punitive damages, liquidated damages, restoration to her prior position or a substantially similar position, an award of attorneys' fees and costs, and any other such further relief as this Court may deem just and proper.

### Count III Failure to Reinstate (29 USCS §2614)

39.     GIBSON hereby avers all of the allegations contained in Paragraphs 1 through 29 above and incorporates them in this Count by reference as though they were fully set forth herein.

40.     29 USCS §2614 requires that employees returning from FMLA leave shall be reinstated to their original position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

41.     Upon returning from FMLA leave GIBSON was restored to a substantially different position with significantly diminished benefits, pay, and other terms and conditions of employment.

42.     Notably GIBSON was moved from an administrative role into a teaching role that requires a completely different skill set than her prior position.

43.     By failing to restore GIBSON to her old position or a substantially similar position the SCHOOL DISTRICT materially interfered with her FMLA rights which directly resulted in damages to GIBSON.

6

WHEREFORE, the Plaintiff, SHERRY GIBSON, respectfully requests that this Court enter a judgment against the Defendant, PALM BEACH COUNTY SCHOOL DISTRICT, and award all damages to which she is entitled, including lost wages/back pay, front pay, compensatory damages, punitive damages, liquidated damages, restoration to her prior position or a substantially similar position, an award of attorneys' fees and costs, and any other such further relief as this Court may deem just and proper.

### Count IV Fla. Stat. § 110.221 Violations

44.     GIBSON hereby avers all of the allegations contained in Paragraphs 1 through 29 above and incorporates them in this Count by reference as though they were fully set forth herein.

45.     Florida law provides further protection for career service employees that need to go on family medical leave.

46.     GIBSON's is a career service employee due to her employment with the SCHOOL DISTRICT.

47.     The SCHOOL DISTRICT's failure to restore GIBSON to her old position or an equivalent position is a direct violation of Florida Law.

48.     The SCHOOL DISTRICT's actions have directly damaged GIBSON.

WHEREFORE, the Plaintiff, SHERRY GIBSON, respectfully requests that this Court enter a judgment against the Defendant, PALM BEACH COUNTY SCHOOL DISTRICT, and award all damages to which she is entitled, including lost wages/back pay, front pay, compensatory damages, punitive damages, liquidated damages, restoration to her prior position or a substantially similar position, an award of attorneys' fees and costs, and any other such further relief as this Court may deem just and proper.

7

## Jury Demand

The Plaintiff, SHERRY GIBSON, demands a trial by jury on all issues so triable.

---

**DESIGNATION OF EMAIL ADDRESS FOR SERVICE**
(Pursuant to Rule 2.516 Fla. R. Jud. Admin.)
The undersigned attorney of The Ticktin Law Group hereby designates the following Email Address for service in the above styled matter. Service shall be complete upon emailing to the following email address in this Designation, provided that the provisions of Rule 2.516 are followed.

**Serv536@LegalBrains.com**

**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

---

Respectfully Submitted this 24th Day of February 2026.


**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757


   /s/ Jared  G. Zignoli
JARED G. ZIGNOLI, ESQUIRE
Florida Bar No. 1070972


Our File No.: 26-0013

8



THE SCHOOL DISTRICT OF PALM BEACH COUNTY
COMPENSATION & EMPLOYEE INFORMATION SERVICES
# Family Medical Leave Act (FMLA) Request for
# Intermittent Leave

Exhibit "A"

Employees may take FMLA leave intermittently when medically necessary and leave is needed for planned medical treatment for themselves or an immediate family member.  The employee must make reasonable effort to schedule treatment so as not to unduly disrupt the employer's operations.

This leave request must be completed and signed by the employee and principal/director before being submitted.  WH-380-E, Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act, or WH-380-F, Certification of Health Care Provider for Family Member's Serious Health Condition under the Family and Medical Leave Act, must be attached to this request in order for it to be considered.

| Employee ID# 1014439 | First Name SHERRY | Last Name GIBSON |
|---|---|---|
| School/Department Name PROFESSIONAL DEVELOPMENT | | Position HR SPECIALIST II |

This request is to notify of my need for intermittent FMLA leave.  I require this leave to start on: **4|15|2025** .

○  Intermittent FMLA  for my own serious health condition and WH-380-E is attached.

## OR

●  Intermittent FMLA to care for an immediate family member (spouse, child, or parent) with a serious health condition and WH-380-F is attached.

I acknowledge that submitting this request for intermittent FMLA does not imply that the leave will be approved.  I understand that approval for intermittent FMLA is subject to meeting eligibility qualifications as set by the U. S. Department of Labor.

_____    4|11|2025
Employee Signature                                 Date

_____    4|11|2025
Principal/Director Signature                        Date

PBSD 2615   (Rev. 02/10/2022)        ORIGINAL - Compensation & Employee Information Services        COPY- Employee

# 4



Exhibit "B"



**SCHOOL DISTRICT OF PALM BEACH COUNTY**

DEPARTMENT OF PROFESSIONAL DEVELOPMENT
3300 FOREST HILL BLVD., SUITE C-206, WEST PALM BEACH, FL 33406
PHONE: 561-649-6839
EMAIL: PROFESSIONALDEVELOPMENT@PALMBEACHSCHOOLS.ORG



April 25, 2025

Sherry Gibson, 1014439

Department of Professional Development / 9264

Dear Dr. Gibson:

This letter serves to notify you that it is my intent to recommend your reappointment to an instructional position in lieu of your current position for the FY26 school year. Your current base salary and pay level will remain in effect for the remainder of this school year. Effective on the first day of your FY26 CTA contract, your salary and pay level will be adjusted pursuant to Appendix A of the Collective Bargaining Agreement between the School District of Palm Beach County, Florida and the Palm Beach County Classroom Teachers Association.

Should you need specific information regarding the recalculation of your salary for FY26, please contact Mark Mitchell, Compensation & Employee Information Services Department, 561-434-8911 or via email to mark.mitchell@palmbeachschools.org. You may wish to contact Maryse Glaze, Recruitment & Retention Department, 561-434-8432 or email to maryse.glaze@palmbeachschools.org for assistance in securing a suitable teaching position for the 2025-2026 school year.

Sincerely,

Anthony Dougherty
Professional Development

c: Mark Mitchell, Director, Compensation & Employee Information Services

My signature below indicates that I have received a copy of this correspondence (which will be added to my personnel file) and acknowledges that I possess a current Florida Educator's Certificate in the following subject area(s):

Educational Leadership, Elementary Education, ESOL, MG General Science 5-9, Primary Education, School Principal, Varying Exceptionalities, Gifted

_____

(List certificate subject areas)

_____            _____
(Employee's Signature)                                          (Date)